IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANNY WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-431 (MTT) |
| DONALD BARROW, *et. al*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle. (Doc. 9). The Magistrate Judge, having reviewed the Complaint pursuant to 28 U.S.C. § 1915A, recommends dismissing Defendant Dr. Paul King because the Plaintiff has failed to show Dr. King was deliberately indifferent to his serious medical needs. The Magistrate Judge recommends dismissing all claims that accrued before October 23, 2009, because they are barred by the two-year statute of limitations. The Magistrate Judge also recommends dismissing the Plaintiff's race discrimination and Equal Protection Clause claims because the Plaintiff has not presented facts that suggest he was treated differently because of his race. Finally, the Magistrate Judge recommends dismissing the Plaintiff's claims related to his placement in segregation because the conditions of confinement were not extreme and the Plaintiff has failed to allege an injury resulting from a lack of meaningful access to the courts. The Plaintiff filed an objection to the Recommendation. (Doc. 19). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Objection and has made a

de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge. Although the Recommendation addressed the Plaintiff's claims for his conditions of confinement in segregation under a cruel and unusual punishment analysis, the Plaintiff also argued his placement in segregation was a due process violation in the Complaint. Here, the Plaintiff alleges he was placed in segregation on September 24, 2011. This action was filed one month later on October 23, 2011. The Plaintiff does not allege how segregation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, the Plaintiff has failed to allege the deprivation of a protected liberty interest. *See Sandin*, 515 U.S. 472 (30 days in segregated confinement did not implicate due process liberty interest); *Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (placement in administrative confinement for two months insufficient to establish protected liberty interest under *Sandin*); *but see Williams v. Fountain*, 77 F.3d 372, 374 n.3 (11th Cir. 1996) ("assuming" one year of solitary confinement would constitute a deprivation of liberty under *Sandin*). Therefore, to the extent the Plaintiff asserts a due process claim for his placement in segregation, it is dismissed.

Accordingly, Dr. King is **DISMISSED** from this action, any medical or "false disciplinary action" claims that accrued prior to October 23, 2009 are **DISMISSED**, claims for race discrimination or violation of the Equal Protection Clause are

**DISMISSED**, and claims regarding the conditions of confinement in segregation, placement in segregation, and access to the courts in segregation are **DISMISSED**. The Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim should go forward against Defendants Dr. Sachdeva, Dr. Broome, Dr. Mendoza, and Sheila Oubre. The Plaintiff's claim that his rights were violated when his wife was removed from his visitation list indefinitely should go forward against Defendants Lt. Oliphant, Randy Tillman, and Donald Barrow. The Plaintiff's claim that his First Amendment rights were violated when the Defendants retaliated against him for filing grievances and lawsuits should go forward against Defendants Oubre, Barrow, Oliphant, and Tillman.

**SO ORDERED**, this the 3rd day of April, 2012.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT