IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DANNY WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:11-CV-431 (MTT) |
| | : | |
| DONALD BARROW, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### **RECOMMENDATION**

Before the Court is a Motion to Dismiss filed by Defendants Donald Barrow, Dr. Vinod Sachdeva, Shelia Oubre, Dr. Dean Broome, Gail Oliphant, Randy Tillman, and Dr. Edward Mendoza. Doc. 25. Because Defendant failed to exhaust his administrative remedies regarding each of his claims prior to filing the instant lawsuit, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

FACTUAL AND PROCEDURAL HISTORY

On October 23, 2011, Plaintiff Danny Williams filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that various prison officials and medical staff members violated his constitutional rights while Plaintiff was incarcerated at various prisons in Georgia. Doc. 1. Plaintiff's claims stem from the alleged lack of medical treatment that he has received for his injured back, from alleged mistreatment by prison officers based on Plaintiff's race and filing of complaints, and from the indefinite removal of Plaintiff's wife from his visitation list following accusations that the couple exchanged contraband during a visit. Following a frivolity review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff's claims against Defendants Dr.

Vinod Sachdeva, Dr. Dean Broome, Dr. Edward Mendoza, Shelia Oubre, Gail Oliphant, Donald Barrow, and Randy Tillman were allowed to proceed. Doc. 9.

Plaintiff claims that prison doctors and officials were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, that prison officials denied visitation rights to his wife without Due Process, and that prison officials retaliated against him in violation of the First Amendment. Specifically, Plaintiff alleges: (1) that Defendants Dr. Sachdeva and Oubre denied Plaintiff medical treatment and physical therapy for his back while he was incarcerated at Dooly State Prison (DSP); (2) that Defendant Oubre retaliated against Plaintiff by making false disciplinary reports and placing Plaintiff in general population while Plaintiff was incarcerated at DSP; (3) that Defendant Dr. Broome denied Plaintiff medical treatment and discontinued Plaintiff's pain medication for his back while he was incarcerated at Georgia State Prison (GSP); (4) that Defendant Dr. Mendoza denied Plaintiff medical treatment for his back while Plaintiff was treated at Augusta State Medical Prison (ASMP); (5) that Defendants Oliphant, Barrow, and Tillman denied Plaintiff Due Process by indefinitely removing Plaintiff's wife from his visitation list while Plaintiff was incarcerated at Washington State Prison (WSP); and (6) that Defendants Oliphant, Barrow, and Tillman retaliated against Plaintiff by removing his wife from his visitation list, harassing his daughter when she visits him, and falsely accusing plaintiff of possessing contraband at WSP.

## DISCUSSION

Defendants argue that Plaintiff's complaint should be dismissed pursuant to the "three-strike" provision of the Prison Litigation Reform Act (PLRA) or due to Plaintiff's failure to exhaust his administrative remedies prior to filing his Complaint. Although Plaintiff is an experienced litigator who has filed multiple lawsuits throughout the time period of his

incarceration, many of Plaintiff's actions do not qualify as "strikes" because they were not federal civil actions that were dismissed as "frivolous, malicious, or fails to state a claim."[1] See 28 U.S.C. § 1915(g). Defendants have shown, however, that Plaintiff had an opportunity to exhaust his administrative remedies regarding his claims but failed to do so prior to filing his Complaint. Accordingly, Plaintiff's claims must be dismissed.

The Prison Litigation Reform Act (PLRA) requires an incarcerated plaintiff to exhaust all of his available administrative remedies before bringing any action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). Claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999). The Eleventh Circuit has made it clear that the exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies. Harper, 179 F.3d at 1312.

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, the review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. at 1082. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the

---

[1] Defendants' Motion to Dismiss lists thirteen lawsuits filed by Plaintiff. Those lawsuits, however, include habeas corpus petitions, actions brought in state court, an action that was resolved by a motion for summary judgment, and an action that was resolved by a jury trial. These types of actions do not qualify as strikes under the PLRA. See e.g., Anderson v. Singletary, 111 F.3d 801(11th Cir. 1997) (stating that Section 1915(g) does not apply to habeas corpus proceedings); see also Hernandez v. Ryan, 2010 WL 3447487 (S.D.Fla. 2010) (listing the types of dismissals determined to count as strikes pursuant to Section 1915(g)).

facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

1. Claims arising at Dooley State Prison

Plaintiff's Complaint alleges four claims against Defendants Dr. Sachdeva and Oubre arising while Plaintiff was incarcerated at DSP. Plaintiff contends that Defendants Dr. Sachdeva and Oubre were deliberately indifferent to his serious medical needs by failing to provide Plaintiff with medical treatment in early 2010. Plaintiff also contends that Defendants Dr. Sachdeva and Oubre did not allow Plaintiff to go to a scheduled surgery in Atlanta in June 2010. Plaintiff further alleges that Defendants Dr. Sachdeva and Oubre refused to allow Plaintiff to receive physical therapy in November 2010. Additionally, Plaintiff alleges that Defendant Oubre retaliated against Plaintiff by placing him in general population despite Plaintiff's medical condition, causing Plaintiff numerous difficulties.

Plaintiff's claims arising at DSP can be dismissed for failure to exhaust administrative remedies at the first step of the Turner analysis. Plaintiff's response to the instant Motion to Dismiss does not address the exhaustion of his claims arising at DSP. In support of the Motion to Dismiss, Defendants have submitted the affidavit of DSP Chief Counselor and Grievance Coordinator Mable Chaney. Chaney Aff. (Doc. 25-8). Defendants also attached a copy of the Georgia Department of Corrections Standard Operating Procedures (GDOC SOP) to Chaney's affidavit. Chaney's affidavit and the GDOC SOP provide a detailed three-step grievance procedure that must be followed by inmates. Chaney states that all inmates receive an explanation of the grievance process at orientation and that an outline of the process is found in

4

the Orientation Handbook. Id. Chaney also states that grievance forms are available in all living units and in the counselor's office. Id. Chaney testifies that Plaintiff's grievance history included only one grievance at DSP, which relates to prison staff keeping the lights on in sleeping areas. Id. Plaintiff did not file any grievances at DSP related to the issues in his Complaint. Id.

Although Plaintiff does not allege in his response that he filed a grievance at DSP, Plaintiff's response contains a general and unspecified allegation that he does not file grievances out of fear of retaliation. An administrative remedy is not considered available for purposes of the PLRA "if prison officials render pursuit of the remedy irrational through serious threats of substantial retaliation." Cole v. Secretary Dept. of Corrections, 451 Fed. Appx. 827, 828 (11th Cir. 2011) (citing Turner, 541 F.3d at 1084-85). To demonstrate that an administrative remedy is unavailable based on a fear of retaliation, however, an inmate must establish (1) that the threat actually deterred him from filing a grievance or pursuing the administrative process, and (2) that the threat is one that would deter a reasonable inmate of ordinary firmness from pursuing the process. Id.; Turner, 541 F.3d at 1085. Plaintiff's conclusory allegations fail to establish that his administrative remedies were made unavailable to him. Moreover, the fact that Plaintiff filed a grievance at DSP after the events alleged in his Complaint belies his contention that he did not file grievances in fear of retaliation.

2. Claims arising at Georgia State Prison

Plaintiff alleges that Defendant Dr. Broom was deliberately indifferent to his serious medical needs by discontinuing Plaintiff's pain medication for his back while Plaintiff was incarcerated at GSP in August 2010. Plaintiff also alleges that Defendant Dr. Broom only provided Plaintiff with physical therapy after his neurosurgeon prescribed both physical and occupational therapy for his back following surgery.

5

Accepting the factual allegations in Plaintiff's response to the instant Motion to Dismiss as true, Plaintiff's claims arising at GSP cannot be dismissed for failure to exhaust administrative remedies at the first step of the Turner analysis. In his response, Plaintiff states that he filed both an informal and a formal grievance regarding his claims at GSP. Plaintiff contends that he never received a response to the formal grievance. Plaintiff also makes a conclusory allegation that his requests to appeal the non-response were ignored.

Because Plaintiff contends that he never received a response and was denied access to an appeal, the exhaustion of Plaintiff's claims at GSP must be resolved at the second stage of the Turner analysis. Defendants have submitted the affidavit of GSP Chief Counselor and Grievance Coordinator Milton Smith. Smith Aff. (Doc. 25-7). Similar to Chaney's affidavit discussed above, Smith provides information regarding the availability of grievances and the grievance procedures at GSP, which are the same as at DSP. See id.

Smith also provided the Court with Plaintiff's grievance history at GSP. Smith states that Plaintiff filed one grievance at GSP. Id. It is uncontroverted that Plaintiff's grievance related to the inadequate medical treatment received at GSP. See id. at 26. To refute Plaintiff's contention that there was no response to his formal grievance, Defendants have provided the Court with GSP's response to Plaintiff's formal grievance. Id. The response states:

> Per medical while you were housed at GSP you underwent transitioning from a stiff cervical collar to a soft one. You were also provided with physical therapy to expedite your recovery from the cervical spinal procedure. For you complaints of pain you were provided with medications for several weeks in order to reduce your reported pain. Dr. Broome personally visited with you on several occasions while you were in the infirmary and you frequently reported gradual improvement in the pains and weaknesses associated with your spinal fusion. Dr. Broome stated your medical care and protocol of pain management was reasonable and appropriate. Based on the above information, I do not feel further action is warranted in this matter.

<u>Id.</u> Defendants have also provided the Grievance Closure indicating that Plaintiff was provided with a written response to his formal grievance. <u>Id.</u> Defendants have therefore sufficiently refuted Plaintiff's contention that he never received a response to his formal grievance. Additionally, the Court is not persuaded by Plaintiff's conclusory allegation that his request to appeal the non-response was denied. Plaintiff makes no specific factual allegations regarding his attempt to appeal.

    3.   <u>Claims arising at Augusta State Medical Prison</u>

Plaintiff alleges that that Defendant Dr. Mendoza was deliberately indifferent to Plaintiff's serious medical needs by denying Plaintiff medical treatment for his back while Plaintiff was treated at ASMP. Specifically, Plaintiff states that he repeatedly informed Defendant Dr. Mendoza that his physical condition was deteriorating, but Defendant Dr. Mendoza refused to do anything for Plaintiff.

Plaintiff's claims arising at ASMP can be dismissed for failure to exhaust administrative remedies at the first step of the <u>Turner</u> analysis. Plaintiff admits in his response that he did not file grievances at ASMP. Plaintiff states that he did not file grievances at ASMP because he was not housed at ASMP but rather was merely treated there. Defendants have submitted the affidavit of ASMP Chief Counselor and Grievance Coordinator Terri Bussey. Bussey Aff. (Doc. 25-10). Bussey states that Plaintiff has not filed any grievances at ASMP. <u>Id.</u> Plaintiff has not presented any evidence that he filed a grievance related to the treatment that he received at ASMP.

As discussed above, Plaintiff makes unspecified general allegations that he did not file grievances in fear of retaliation. Again, Plaintiff's conclusory allegations fail to establish that his administrative remedies were made unavailable to him by retaliatory threats.

4. <u>Claims at Washington State Prison</u>

Plaintiff alleges that Defendants Barrow, Oliphant, and Tillman violated his Due Process rights by indefinitely removing his wife from his visitations list after Plaintiff and his wife allegedly exchanged contraband during a visit at WSP. Plaintiff contends he was falsely accused of exchanging contraband and that his wife's removal from his visitation list is a retaliatory act. Plaintiff also contends that he has been subjected to other retaliatory acts including having false disciplinary reports filed against him, subjecting his daughter to unwarranted harassment during vitiations, placing Plaintiff in segregation, and refusing to transfer Plaintiff to a different prison. Plaintiff specifically alleges that Defendant Tillman's retaliation is based on Plaintiff's previous lawsuit where Defendant Tillman did not transport Plaintiff to court in time and thus was required to explain himself to the Court.

Accepting the factual allegations in Plaintiff's response to the instant motion to dismiss as true, Plaintiff's claims arising at WSP cannot be dismissed for failure to exhaust administrative remedies at the first step of the <u>Turner</u> analysis. In his response, Plaintiff states that the denial of visitation was exhausted when the prison staff "rejected the grievance and denied access to pursue the issues further." Doc. 29 at 6. Plaintiff also contends that the issues involving his placement in segregation and the removal of his wife from his visitation list were raised in segregation appeal and are therefore exhausted.

The determination as to whether Plaintiff exhausted his claims at WSP must therefore be made at the second step of the <u>Turner</u> analysis. Defendants have submitted the affidavits of WSP Chief Counselor Glen Fleming and Disciplinary Reports Investigator Amory Evans. Fleming Aff. (Docs. 25-9, 30-1); Evans Aff. (Doc. 30-2). Again, Defendants also provided the GDOC SOP outlining the grievance process at WSP. <u>Id.</u>  Additionally, Defendant's provided Plaintiff's

grievance history at WSP, including Grievance 98947 and Grievance 99215 involving Plaintiff's current claim regarding the removal of his wife from his visitation list. Doc. 25-9. Plaintiff also filed Grievance 99947, which relates in part to his retaliation claims, and Grievance 100681, which is unrelated to his current claims. Doc. 25-9. Evans and Fleming state that Plaintiff filed a segregation appeal as well as a disciplinary report appeal. Fleming Aff. (Doc. 25-9); Evans Aff. (Doc. 30-2).

Although Plaintiff has filed grievances related to his claims at WSP, Plaintiff failed to let the administrative process conclude prior to the filing of his complaint. A plaintiff must fully exhaust his administrative remedies prior to fling his complaint, as exhaustion is a precondition to filing the lawsuit. Alexander, 159 F.3d at 1326. As such, a plaintiff's claims that have not been exhausted prior to the filing of the complaint must be dismissed even if the plaintiff has since exhausted his administrative remedies. Smith v. Terry, 2012 WL 4465609 (11th Cir. 2012) (slip copy); Harris v. Donaldson, 2009 WL 668744 (S.D.Ga. 2009); Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that federal courts are powerless to forgive the exhaustion requirement even if the prisoner exhausts his available remedies shortly after the suit is filed); Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998) (finding plaintiff's claims to be unexhausted even though plaintiff's administrative remedies were exhausted two days after his complaint was filed).

Because Plaintiff did not exhaust his claims at WSP until after his complaint was filed, Plaintiff's claims are unexhausted. Plaintiff filed informal grievance 98947 relating to his wife being removed from his visitation list on September 28, 2011. Doc. 25-9 at 25. On October 2, 2011, Plaintiff filed informal grievance 99215, which was substantively similar to his grievance filed four days earlier. Id. at 32. Because Plaintiff's allegations in Grievance 99215 were the

9

same as in Grievance 98947 and because Grievance 98947 was still pending, Grievance 99215 was denied. Id. at 33. Plaintiff then filed formal grievance 98947 on October 7, 2011, which was denied. Id. at 26. Plaintiff then appealed. Id. at 27. Plaintiff's appeal was denied on November 16, 2011, after he filed his Complaint.[2] Id. at 30. Additionally, Grievance 99947, which contained claims of retaliation, was denied for failing to comply with the grievance policy requiring grievances to contain only a single issue. Id. at 36. Plaintiff did not appeal that denial. See id.

Further, Plaintiff's segregation and disciplinary appeals were not final until after Plaintiff filed his Complaint. Plaintiff's segregation appeal was completed on October 24, 2011, the day after Plaintiff filed his Complaint. Fleming Aff. (Doc. 30-1). Additionally, Plaintiff's disciplinary appeal was not completed until January 3, 2012, over two months after Plaintiff filed his Complaint. Evans Aff. (Doc. 30-1). Moreover, it is unclear that the segregation appeal or the disciplinary appeal is the proper means to exhaust the instant claims. The segregation appeal and the disciplinary appeal pertained to Plaintiff's placement in administrative segregation and disciplinary report following the alleged possession of contraband. As such, those appeals determined whether Plaintiff should remain in segregation and whether Plaintiff possessed contraband, not whether Plaintiff had been the subject of a broad range of retaliatory acts. See Fleming Aff. (Doc. 30-1); Evans Aff. (Doc. 30-1). Nonetheless, neither the segregation appeal nor the disciplinary appeal had concluded at the time Plaintiff filed his Complaint.

Moreover, Plaintiff's claims that he was denied access to administrative remedies is belied by the fact that he has fully exhausted administrative remedies at WSP. As discussed

---

[2] Throughout their pleadings, Defendants state that Plaintiff's Complaint was filed on October 27, 2011, which was the date that the Court received the Complaint for filing. See Doc. 1. Plaintiff's Complaint, however, is dated October 23, 2011, which is presumed to be the date Plaintiff placed his Complaint in the prison official's hands for mailing under the prison mailbox rule.

above, Plaintiff was able to fully exhaust, albeit after he filed his Complaint, Grievance 98947. Additionally, Plaintiff has fully exhausted Grievance 100681, which was initiated after his other grievances. See Doc. 25-9 at 39-42. Informal grievance 100681, involving claims unrelated to this lawsuit, was filed on October 17, 2011. Id. at 39. After the denial of the informal grievance, Plaintiff filed formal grievance 100681 on October 20, 2011, which was denied. Id. at 40. Plaintiff then appealed on November 3, 2011. Id. at 41. Plaintiff's appeal was denied on November 28, 2011. Id. at 42.

Because Plaintiff did not properly exhaust his claims regarding alleged retaliation at WSP and because Plaintiff did not exhaust his claims regarding the removal of his wife from his visitation list until after he filed his Complaint, Plaintiff failed to exhaust his administrative remedies at WSP.

## CONCLUSION

Because Plaintiff did not exhaust his administrative remedies, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED** without prejudice. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of December, 2012.

              s/ Charles H. Weigle   
              Charles H. Weigle
              United States Magistrate Judge