IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANNY WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-431 (MTT) |
| DONALD BARROW, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Charles H. Weigle. (Doc. 35). The Magistrate Judge, having reviewed the Defendants' Motion to Dismiss (Doc. 25), recommends granting the Motion because the Plaintiff failed to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a) on his claims. The Plaintiff filed an objection to the Recommendation. (Doc. 36). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objections and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. Although some clarification of the Recommendation is required, the ultimate conclusion reached in the Recommendation remains the same.

In his Complaint, the Plaintiff raised six claims regarding his incarceration at four prisons. The only claim that merits any extended discussion is the Plaintiff's claim regarding his stay at Georgia State Prison. Regarding his other claims, the Plaintiff reasserts his generalized allegations that he could not file grievances because of the fear of retaliation. However, the Plaintiff has not sufficiently alleged what threat actually deterred him and that the "threat is one that would deter a reasonable inmate of

ordinary firmness and fortitude" from pursuing the grievance process. *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008). Accordingly, the Court accepts the Magistrate Judge's findings as to those claims.

Regarding his stay at Georgia State Prison, the Plaintiff argues that the Recommendation incorrectly found that he received the response to the formal grievance filed at the prison. He notes that the grievance response submitted by the Defendants does not have his signature on it as required by the prison's grievance procedure to acknowledge the inmate's receipt of the response. The formal grievance form, in fact, does not have the Plaintiff's signature on the line acknowledging receipt of the response, although a signature that seems to read "Danny Williams" is found on the warden's signature line. (Doc. 25-7 at 22). This signature is not similar to the Plaintiff's signature found on other documents. While the Defendants have produced other documentation suggesting that the Plaintiff was notified of the response on January 13, 2011, the discrepancies in the documentation raise a significant question whether the Plaintiff received the grievance response. (Doc. 25-7 at 26).

Even if the Plaintiff never received the response, he was still required to timely file an appeal once the 30 day time limit for a response had passed. *Id*. at 1084. The Plaintiff alleges that his "repeated requests to appeal the grievance / non-response were ignored." (Doc. 29 at 5). Based on the record, the Court cannot rule as a matter of law that the Plaintiff failed to exhaust his claim at Georgia State Prison because of the discrepancies in the documentation and the Plaintiff's statement that he was not allowed to appeal the non-response to his grievance. Accordingly, the Court does not accept the finding that the Plaintiff failed to exhaust this claim.

The Defendants argue that the Plaintiff has failed to state a claim against Dr. Broome, the sole defendant at Georgia State Prison, because the Plaintiff's "conclusory allegations do not give rise to an inference that Dr. Broome acted with knowledge of a risk of serious harm, and disregard of that risk by conduct that could be more than negligence." (Doc. 25-1 at 24). The Plaintiff alleges that Dr. Broome decreased, and then eventually discontinued, his pain medication while the Plaintiff was recovering from surgery and that Dr. Broome provided him with physical therapy but not occupational therapy as prescribed by another physician. (Doc. 1 at 11). However, these are matters of medical judgment and, therefore, not appropriate grounds for liability under the Eighth Amendment. *See Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). Even if the Plaintiff can show that he had a serious medical need, the Plaintiff has not sufficiently alleged that Dr. Broome was subjectively aware of a serious risk of harm and that he disregarded that risk by conduct that was more than mere negligence. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). Accordingly, the Plaintiff has failed to state a claim for deliberate indifference against Dr. Broome.

The Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge, and the Recommendation is adopted and made the order of this Court. The Defendants' Motion (Doc. 25) is **GRANTED**, and the Plaintiff's claims are **DISMISSED without prejudice**.

**SO ORDERED**, this the 23rd day of January, 2013.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT