IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DANNY WILLIAMS,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-431 (MTT) |
| **DONALD BARROW**, *et al.*, | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the Plaintiff's Motion for Reconsideration. (Doc. 41). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration *must do more than simply restate his prior arguments*, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F.Supp. 1209, 1223 (M.D. Ga. 1997) (emphasis added).

Regarding the Plaintiff's failure to exhaust his administrative remedies for grievances filed at Augusta State Medical Prison and Washington State Prison, the Plaintiff has alleged no intervening change in the law, has presented no new evidence not previously available to the parties, and the Court is not persuaded its previous ruling

was clearly erroneous.  Regarding the Plaintiff's grievance filed at Georgia State Prison ("GSP"), the Plaintiff now argues that the grievance filed at that prison referred not only to Defendant Dr. Dean Broome, the sole Defendant located at that prison, but also to Defendants Warden Sheila Oubre, Dr. Vinod Sachdeva, and Dr. Edward Mendoza, and he further argues grievances do not need to be filed in the prison where the injury occurs.

The Plaintiff was housed at Dooley State Prison ("DSP"), where Oubre and Dr. Sachdeva worked, from November 2009 until his surgery on July 29, 2010.  The Plaintiff filed a formal grievance at GSP, where he was transferred after surgery, on October 19, 2010.  (Doc. 25-7 at 22).  The Plaintiff alleges in his Complaint that he was returned to DSP in November 2010.  (Doc. 1 at ¶ 49).  The Plaintiff further alleges that he first saw Dr. Mendoza after his return to DSP.  (Doc. 1 at ¶ 51).  Therefore, the Plaintiff's earlier filed grievance at GSP cannot refer to his claim against Dr. Mendoza.

To the extent that the Plaintiff's informal or formal grievance refers to the actions of Oubre and Dr. Sachdeva prior to the Plaintiff's transfer to GSP on August 5, 2010,[1] the Plaintiff's allegations in his Complaint show that he knew of his deliberate indifference claims against these Defendants regarding his medical treatment prior to his transfer from DSP.  The Plaintiff, however, did not file his informal grievance at GSP until September 12, 2010.  (Doc. 25-7 at 21).  Georgia's Grievance Procedure requires

---

[1] The Plaintiff's informal grievance filed at GSP vaguely complains of "staff with knowledge of [his] cervical/spine condition as well as risks and conditions associated" delaying and denying "needed care and treatment."  (Doc. 25-7 at 21).  The Plaintiff's formal grievance elaborates on his informal grievance and references the delay from June 30 to July 29, 2010, of his surgery allegedly caused by "staff."  (Doc. 25-7 at 23).  Presumably, the Plaintiff was referring to Oubre and Dr. Sachdeva, although the Plaintiff never identifies any Defendant by name or position, nor does he specifically reference DSP.  Further, the Plaintiff alleges in his Complaint that Oubre and Dr. Sachdeva continued their deliberate indifference to his medical needs after his return to DSP in November 2010.  Therefore, the Plaintiff's GSP grievance cannot reference these later actions.

an inmate to file his informal grievance within ten days from the date he "knew, or should have known, of the facts giving rise to the grievance." (Doc. 25-7 at 12).  The Plaintiff has not sufficiently shown why he did not file an informal grievance regarding the allegations in his Complaint relating to Oubre or Dr. Sachdeva during his stay at DSP from November 2009 to July 2010 nor why he waited until over a month after his transfer to GSP to file an informal grievance against Oubre and Dr. Sachdeva.  While an inmate may file a grievance at a different facility from the facility where the events or injury occur, the inmate is still subject to the timeliness requirements of Georgia's Grievance Procedure.  Thus, to the extent that the Plaintiff's informal grievance at GSP in fact referenced the actions of Oubre and Dr. Sachdeva, that grievance was untimely, and the Plaintiff failed to exhaust his administrative remedies against those Defendants.  Accordingly, the Plaintiff's Motion for Reconsideration is **DENIED**.

**SO ORDERED,** this 26th day of March, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT